UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TRUSTEES OF THE SHEET METAL LOCAL 36 WELFARE FUND, et al., | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) Case No. 4:09CV00175 ERW ) |
| KITCHEN-AIRE ENGINEERING, INC., | ) ) |
| Defendant. | ) |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on Plaintiffs' Amended Motion for Summary Judgment [doc. #16].

## **I.  PROCEDURAL BACKGROUND**

On January 30, 2009, Trustees of the Sheet Metal Local 36 Welfare Fund, Trustees of the Sheet Metal Local 36 Pension Fund, Trustees of the Sheet Metal Local 36 Vacation Fund, Trustees of the St. Louis Sheet Metal Joint Apprenticeship and Training Fund, Trustees of the Sheet Metal Workers' Local 36 401(k) Plan, and Local 36 Sheet Metal Workers International Association, AFL-CIO (collectively, "Plaintiffs") filed suit against Kitchen-Aire Engineering, Inc. ("Defendant").  Plaintiffs assert that Defendant failed to pay contributions due to Plaintiffs, in violation of the Parties' Collective Bargaining Agreement, the Employee Retirement Income Security Act ("ERISA"), and the Labor Management Relations Act ("LMRA").  Plaintiffs seek unpaid contributions, interest and liquidated damages on these contributions, and the attorney's fees and costs associated with bringing this action.

On May 5, 2009, Plaintiffs filed the pending Motion for Summary Judgment. Defendant's Response was due to be filed no later than May 26, 2009. As of June 4, 2009, this Court had not received Defendant's Response, and thus issued an order requiring Defendant to "show cause, no later than June 15, 2009, why Plaintiffs' Motion for Summary Judgment should not be granted." (Order, doc. #19). On June 11, 2009, Defendant filed a brief Response, stating that Defendant "has ceased all business operations and, as a result, will be unable to file any response or memorandum in opposition to the Motion for Summary Judgment filed by Plaintiffs." (Def.'s Response, doc. #20).

## II. BACKGROUND FACTS[1]

### A. THE PARTIES

Plaintiff Local 36 Sheet Metal Workers International Association, AFL-CIO ("Local 36") is a voluntary unincorporated association, with its principal office in the City of St. Louis, Missouri, and which exists for the purpose of dealing with employee grievances, labor disputes, wages, rates of pay, hours of employment, terms or conditions of employment, and for other purposes. Local 36 is a labor organization in the sheet metal industry.

---

[1]Because Defendant did not file a substantive response or memorandum in opposition to Plaintiffs' Motion for Summary Judgment, each of the facts listed in Plaintiffs' Amended Statement of Uncontroverted Facts [doc. #18] will be deemed admitted. *See* Local Rule 7-4.01(E) ("Every memorandum in opposition shall include a statement of material facts as to which the party contends a genuine issue exists. Those matters in dispute shall be set forth with specific references to portions of the record, where available, upon which the opposing party relies. The opposing party also shall note for all disputed facts the paragraph number from movant's listing of facts. All matters set forth in the statement of the movant shall be deemed admitted for purposes of summary judgment unless specifically controverted by the opposing party."). Thus, the Court's recitation of the facts in this case is taken exclusively from Plaintiffs' Amended Statement of Uncontroverted Facts [doc. #18]. The Court will also consider the various exhibits cited by Plaintiffs, where appropriate.

The Sheet Metal Local 36 Welfare Fund ("Welfare Fund"), the Sheet Metal Local 36 Pension Fund ("Pension Fund"), the Sheet Metal Local 36 Vacation Fund ("Vacation Fund"), the St. Louis Sheet Metal Joint Apprenticeship and Training Fund ("Apprenticeship Fund"), and the Sheet Metal Workers' Local 36 401(k) Plan ("401(k) Plan") were all established by, and are all maintained by Local 36 and St. Louis Chapter, Sheet Metal and Air Conditioning Contractors National Association ("SMACNA"). The Welfare Fund is maintained for the purpose of providing medical benefits to its participants; the Pension Fund is maintained for the purpose of providing retirement income for employees; the Vacation Fund is maintained for the purpose of providing vacation benefits to its participants; the Apprenticeship Fund is maintained for the purpose of providing apprenticeship and training programs to its participants; and the 401(k) Plan is maintained for the purpose of providing retirement income to employees. Local 36 also administers the Education, Building and Public Relations Fund ("EOPR Fund"). Contributions to the EOPR Fund constitute union dues withheld from Defendant's employees' paychecks.

The administrative office for each of these Funds is located at 301 South Ewing, St. Louis, Missouri 63103. David Zimmerman, Thomas Leonard, Dennis Westray, Michael Corrigan, John Goldkamp, and George Welsh are the Trustees of the Welfare Fund and the Trustees of the Pension Fund. They control and manage the operation and administration of both of these Funds. Mr. Zimmerman, Ernest Angelbeck, Don Partney Jr., and Daniel Caldwell are the Trustees of the Vacation Fund, and they control and manage the operation and administration of that Fund. Mr. Zimmerman, Ray Reasons II, Ralph Birk, Daniel Durphy, Larry Lee, and William Meeh are the Trustees of the Apprenticeship Fund, and they control and manage the operation of that Fund. Mr. Zimmerman, Mr. Westray, Mr. Birk, Mr. Durphy, Mr. Goldkamp, and Mr. Meeh are the

Trustees of the 401(k) Plan, and they control and manage the operation and administration of that Plan.

Defendant Kitchen-Aire Engineering, Inc. is a corporation duly organized and existing under the laws of the State of Missouri. Defendant is engaged in the sheet metal construction business, and its principal place of business is at 6274 Gravois Avenue, St. Louis, Missouri 63116. At all times material hereto, Defendant has employed bargaining unit employees to perform sheet metal work. At all times material hereto, Timothy Jamboretz has been the company's president.

### B. THE LABOR AGREEMENT

On May 31, 2007, Mr. Jamboretz, as "President/Owner," signed the "Acceptance of Agreement" for the Defendant Company, binding it to the 2006-2009 Collective Bargaining Agreement ("Labor Agreement") between SMACNA and Local 36. At all times material hereto, Defendant has been obligated by the provisions of the Labor Agreement to file reports and pay monthly contributions to the Welfare Fund, Pension Fund, Vacation Fund, Apprenticeship Fund, 401(k) Plan, and the EOPR Fund, at rates set forth in the Labor Agreement, for the benefit of eligible bargaining unit employees who are covered under the Trust Agreements and Trust Plans.

### C. UNPAID AND LATE CONTRIBUTIONS

For the months of October 2008 through January 2009, Defendant filed contribution reports for its bargaining unit employees, showing the contributions owed to each of the Funds. However, Defendant failed to actually pay these contributions to the Welfare Fund, Pension Fund, Vacation Fund, Apprenticeship Fund, 401(k) Plan, and the EOPR Fund. Defendant also failed to pay contributions to the Welfare Fund, Pension Fund, Vacation Fund, Apprenticeship Fund, 401(k) Plan, and the EOPR Fund for the month of April 2008. Based on Defendant's

4

contribution reports, and the rates set forth in the Labor Agreement, for the months of April 2008 and October 2008 through January 2009, Defendant has failed to pay the Funds $51,468.54 in contributions. These contributions were not paid as of January 30, 2009, the date this suit was filed.

The Labor Agreement and the Plan Documents incorporated therein set forth interest rates of one and one-half percent (1 ½ %) per month, and liquidated damages at the rate of $100 for each month or part of a month in which contributions are not paid. Based on Defendant's contribution reports for the months of April 2008 and October 2008 through January 2009, Defendant owes $3,816.73 in interest, and $7,990.50 in liquidated damages on these contributions. Defendant owes to the Funds a total of $5,009.50 in attorney's fees, and $437.00 in costs, as amounts incurred in collections through April 16, 2009.

### D. THE PAYMENT AGREEMENT

On March 10, 2008, Defendant entered into a Payment Agreement with the Funds to repay delinquent contributions for the period of October 2007 through February 2008. Pursuant to the terms of the Payment Agreement, Defendant promised to pay monthly installments to the Funds, and to pay all future contributions in accordance with the terms of the Labor Agreement. Defendant has not paid its monthly installments, as set forth by the Payment Agreement, since December 18, 2008. The remaining balance of contributions for the period of October 2007 through February 2008 due under the Payment Agreement is $57,540.79. Defendant currently owes a total of $12,729.99 in interest and $9,706.77 in liquidated damages to the Funds on the unpaid contributions owed pursuant to the March 10, 2008 Payment Agreement.

### E. AMOUNTS CURRENTLY DUE THE PLAINTIFFS

On April 1, 2009, Defendant paid $3,780.09 to the Local 36 Sheet Metal Workers Delinquent Account, representing the voluntary 401(k) contributions withheld from its employees' pay checks, as well as the loss of investment income on those proceeds. On March 20, 2009, the Funds received a cashier's check in the amount of $1,287.63 from B&J Peerless Restaurant Supply for the contributions owed to Defendant's employees for work they performed on the Cape Girardeau Air National Guard Armory. After receiving credit for these two amounts, Defendant owes a total of $143,632.10 in contributions, interest, damages, and attorney's fees, under the Labor Agreement and the March 10, 2008 Payment Agreement.

## III. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 56(c), a court may grant a motion for summary judgment only if all of the information before the court shows that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The Supreme Court has noted that "[s]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed to 'secure the just, speedy and inexpensive determination of every action.'" *Id.* at 327 (quoting Fed. R. Civ. P. 1). "By its very terms, [Rule 56(c)(1)] provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). Material facts are those "that might affect the outcome of the suit under the governing law," and a genuine material

fact is one "such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248. Further, if the nonmoving party has failed to "make a showing sufficient to establish the existence of an element essential to that party's case, . . . there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 322-23.

The initial burden of proof in a motion for summary judgment is placed on the moving party to establish the absence of any genuine issue of material fact. *Id.* at 323; *Olson v. Pennzoil Co.*, 943 F.2d 881, 883 (8th Cir. 1991). Once this burden is discharged, if the record does in fact bear out that no genuine dispute exists, the burden then shifts to the nonmoving party who must set forth affirmative evidence and specific facts showing there is a genuine dispute on that issue. *Anderson*, 477 U.S. at 250; Fed. R. Civ. P. 56(e)(2). When the burden shifts, the nonmoving party may not rest on the allegations in its pleadings, but, by affidavit and other evidence, must set forth specific facts showing that a genuine issue of material fact exists. Fed. R. Civ. P. 56(e); *Stone Motor Co. v. Gen. Motors Corp.*, 293 F.3d 456, 465 (8th Cir. 2002). To meet its burden, the nonmoving party must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). In fact, the nonmoving party must show there is sufficient evidence favoring the nonmoving party which would enable a jury to return a verdict for it. *Anderson*, 477 U.S. at 249; *Celotex*, 477 U.S. at 334. "If the non-moving party fails to produce such evidence, summary judgment is proper." *Olson*, 943 F.2d at 883.

The Court may not "weigh the evidence in the summary judgment record, decide credibility questions, or determine the truth of any factual issue." *Kampouris v. St. Louis*

*Symphony Soc.*, 210 F.3d 845, 847 (8th Cir. 2000). The Court instead "perform[s] only a gatekeeper function of determining whether there is evidence in the summary judgment record generating a genuine issue of material fact for trial on each essential element of a claim." *Id.*

## IV. DISCUSSION

### A. UNPAID CONTRIBUTIONS

ERISA requires that "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement." 29 U.S.C. § 1145. In this case, the Labor Agreement obligates Defendant to both file contribution reports and pay monthly contributions to the Welfare Fund, Pension Fund, Vacation Fund, Apprenticeship Fund, 401(k) Plan, and EOPR Fund. For the months of April 2008 and October 2008 through January 2009, Defendant properly filed contribution reports, but failed to actually pay the contributions. Defendant is obligated under ERISA and the terms of the Labor Agreement to pay these contributions.

The Funds' Administrator, Ms. Buffi Gass, filed an affidavit in which she stated that, "[b]ased on [Defendant]'s contribution reports, and the rates set forth in the Labor Agreement, for the months of April 2008 and October 2008 through January 2009, [Defendant] has failed to pay the Funds $51,468.54 in contributions." (Pls.' Ex. 2, doc. #18-3, p.5). Defendant has not opposed Plaintiffs' Motion, and has therefore failed to demonstrate the existence of any genuine dispute regarding these facts. Defendant has not demonstrated any genuine issue of material fact regarding the amount of contributions due, or its responsibility to compensate Plaintiffs for these

8

contributions. Thus, the finds Defendant liable to Plaintiffs for $51,468.54 in unpaid contributions.

## B. INTEREST, LIQUIDATED DAMAGES, ATTORNEY'S FEES, COSTS

In delinquent contributions cases, ERISA specifically instructs courts to award additional amounts, beyond the amount of unpaid contributions:

> In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan --
>
> (A) the unpaid contributions,
>
> (B) interest on the unpaid contributions,
>
> (C) an amount equal to the greater of --
>
> > (i) interest on the unpaid contributions, or
>
> > (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),
>
> (D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and
>
> (E) such other legal or equitable relief as the court deems appropriate.
>
> For purposes of the paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of Title 26.

29 U.S.C. § 1132(g)(2).

Because this Court will grant judgment in favor of the Plaintiff Funds, 29 U.S.C. § 1132(g)(2)(B)-(C) requires that this Court also award interest on the unpaid contributions and liquidated damages to Plaintiffs. The interest rate for delinquent contributions that is set forth in

the Labor Agreement is 1 ½ percent per month, and liquidated damages are set at a rate of $100 for each month or part of a month in which contributions are not paid.  According to the affidavit of Ms. Gass, "[b]ased on [Defendant]'s contribution reports, and the formulas set forth in the Plan Documents, for the months of April 2008 and October 2008 through January 2009, [Defendant] owes $3,816.73 in interest, and $7,990.50 in liquidated damages."  (Pls.' Ex. 2, doc. #18-3, p.5). Again, Defendant has not opposed Plaintiffs' Motion, and has therefore failed to demonstrate the existence of any genuine dispute regarding these facts.  Defendant has not demonstrated any genuine issue of material fact regarding the amount of interest and liquidated damages due. Defendant will be held liable to Plaintiffs for an additional $11,807.23.  Defendant will also be held liable for continuing interest on the unpaid contributions, until they are paid in full.

This Court also must award reasonable attorney's fees and costs, pursuant to 29 U.S.C. § 1132(g)(2)(D).  Mr. J. Christopher Chostner, lead attorney for Plaintiffs, filed an affidavit (Pl.'s Ex. 1, doc. #18-2), setting forth a detailed description of the work completed for this case, and the hourly rates for each person who worked on the case.  In total, Plaintiffs seek $5,009.50 in attorney's fees, and $437.00 in costs associated with this lawsuit.  Defendant's lack of opposition to Plaintiffs' Motion resulted in no objections to Plaintiffs' requested attorney's fees and costs. This Court has reviewed Mr. Chostner's affidavit, and finds the requested amounts to be reasonable.  Thus, the Court will order Defendant to pay Plaintiffs an additional $5,446.50 in attorney's fees and costs.  Defendant will also be liable for any post-judgment attorney's fees and costs incurred in collection.

### C. AMOUNTS DUE UNDER PAYMENT AGREEMENT

By virtue of Defendant's lack of response to Plaintiffs' Statement of Uncontroverted Facts, Defendant has admitted that it entered into a Payment Agreement with the Funds at issue in this case to repay delinquent contributions for the period of October 2007 through February 2008.[2] The Payment Agreement required Defendant to pay monthly installments to the Funds, and to pay all future contributions in accordance with the terms of the Labor Agreement. Defendant admitted that it has not made these monthly installment payments since December 18, 2008. Accordingly, Defendant has breached the Payment Agreement between the Parties.

As set forth in Ms. Gass's affidavit, "[t]he remaining balance of contributions for the period of October 2007 through February 2008 due under the March 10, 2008 Payment Agreement is $57,540.79." Additionally, Defendant "currently owes a total of $12,729.99 in interest and $9,706.77 in liquidated damages to the Funds on the unpaid contributions owed pursuant to the March 10, 2008 Payment Agreement." (Pls.' Ex. 2, doc. #18-3, p.6). Defendant has not opposed Plaintiffs' Motion, and has therefore failed to demonstrate the existence of any genuine dispute regarding these facts. Defendant has not demonstrated any genuine issue of material fact regarding the amount of unpaid contributions, interest, and liquidated damages due under the March 10, 2008 Payment Agreement. Thus, Defendant will be held liable to Plaintiffs for an additional $57,540.79 in delinquent contributions, $12,729.99 in interest, and $9,706.77 in

---

[2]These delinquent contributions are from a different time period than the delinquent contributions that were discussed in the preceding sections. Defendant failed to pay contributions for the months of October 2007 through February 2008, and for the months of April 2008 and October 2008 through January 2009.

liquidated damages, for a total of an additional liability of $79,977.55. Defendant will also be liable for any post-judgment attorney's fees and costs incurred in collecting this sum.

## D. TOTAL AMOUNTS DUE TO PLAINTIFFS

As set forth above, this Court finds that Defendant is liable to Plaintiffs for $51,468.54 in unpaid contributions for April 2008 and October 2008 through January 2009; $11,807.23 in interest and liquidated damages on those unpaid contributions; $5,446.50 in attorney's fees and costs. The Court also finds that Defendant is liable to Plaintiffs for $79,977.55 in unpaid contributions, interest and liquidated damages due under the March 10, 2008 Payment Agreement. Plaintiffs have received two amounts from Defendant that reduces the amount due: 1) $3,780.09 paid to Local 36 Sheet Metal Workers Delinquent Account on April 1, 2009; and 2) $1,287.63 received from B&J Peerless Restaurant Supply on March 20, 2009. After crediting Defendant for these two amounts, the Court finds that Defendant owes Plaintiffs a total of $143,632.10. The Court also finds that Defendant is liable to Plaintiffs for continuing interest on unpaid contributions until they are paid in full, and for post-judgment attorney's fees and costs incurred in collection. When these currently indefinite amounts are determined, Plaintiff shall submit a claim to this Court for approval.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Amended Motion for Summary Judgment [doc. #16] is **GRANTED**. Judgment is entered in favor of Plaintiffs and the Clerk of Court shall tax unpaid contributions, interest, liquidated damages, attorney's fees, and costs in favor of Plaintiffs, and against Defendant, in the amount of $143,632.10.

Dated this <u>17th</u> Day of <u>February</u>, 2010.

                                        E. RICHARD WEBBER
                                        UNITED STATES DISTRICT JUDGE